IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| G.I.P. SRL d/b/a Gruppo Italiano Progetti Srl,<br><br>Plaintiff,<br><br>v.<br><br>Urban Commons, LLC, Eagle Nashville Airport Hotel, LLC, Taylor Woods, And Howard Wu,<br><br>Defendants, | Civil Action No. 21-cv-08023(JPO)<br><br>**DEFAULT JUDGMENT** |

      This action having been commenced by Plaintiff G.I.P SRL d/b/a Gruppo Italiano Progetti Srl ("Plaintiff") on September 27, 2021 by the filing of the Summons and Complaint (Doc. No. 1) (the "Complaint"), and it having been ADJUDGED by this Court that (A) copies of the Summons and Complaint have been duly served on the Defendants (1) Urban Commons, LLC ("Urban") on October 6, 2021, with the affidavit evidencing such service being filed on October 18, 2021 (Doc. No. 16), (2) Eagle Nashville Airport Hotel, LLC ("Eagle") on October 8, 2021, with the affidavit evidencing such service being filed on October 18, 2021 (Doc. No. 17), and (3) Taylor Woods ("Woods") on October 30, 2021, with the affidavit evidencing such service being filed on November 10, 2021 (Doc. No. 19) (collectively "Defendants[1]"), (B) that no Defendants have answered the Complaint and the to answer the Complaint has expired, (C) a Clerk's Certificate of Default was issued as to each Defendant (Doc. No. 26 for Woods, 31 for Eagle, and 32 for Urban), and (D) for the reasons set forth in the papers submitted by Plaintiff in support of its motion for default judgment resulting in the issuance of this Order, Plaintiff has set forth testimony and other evidence which is sufficient to prove its claims (1) by clear and convincing evidence against Defendants for their Fraud in the Inducement (Count III of the Complaint) and Fraudulent Concealment (Count VI of the Complaint), and (2) by a preponderance of evidence, against (i) Defendants for their breach of their fiduciary duties to Plaintiff (Count I of the Complaint), (ii) Defendants for their defalcation of Plaintiff's funds (Count II of the Complaint) which were, under the terms of the September 14, 2020 Subscription Agreement between Eagle and Plaintiff (the "Subscription Agreement"), required to be held in a secured escrow account (the "Secure Escrow Account") to secure Plaintiff's rights under the September 14, 2020 Put Option Agreement between Plaintiff and Urban (the "Put Option Agreement"), (iii) Eagle for its breach of the Subscription Agreement, Urban for its breach of the Put Option Agreement, and Defendants for their bad faith conduct extrinsic to these Agreements in connection with their management of Urban, Eagle, the Secured Escrow Account, and Plaintiff's funds (Count V of the Complaint), and (iv) Defendants' unjust enrichment at Plaintiff's expense (Count VII); it is hereby

---

[1] The proceedings against the final defendant named in the caption, Howard Wu, are automatically stayed pursuant to 11 U.S.C.S. § 362 as a result of his chapter 7 bankruptcy filing (Case No. 2:21-bk-19480).

**ORDERED, ADJUDGED AND DECREED**, that the Plaintiff have judgment against the Defendants, jointly and severally, in the total judgment amount of $527,601.50 (the "Judgment Total") representing the following award:

1. On Counts III and VI, in favor of Plaintiff and against Defendants, jointly and severally, in the amount of the Option Price ($500,000) which is the benefit of the bargain promised to Plaintiff by Woods during pre-contract discussions and thus Plaintiff's lost opportunity cost;

2. On Counts I and II, in favor of Plaintiff and against all Defendants, jointly and severally, in the amount of the Purchase Price Funds ($450,000) which was placed by Plaintiff in Defendants' safekeeping in a Secure Escrow Account, but which Defendants removed and converted, concurrently with the judgment entered on Counts III and VI;

3. On Count V, in favor of Plaintiff and against (i) Urban Commons its breach of the Put Option Agreement, (ii) Eagle Nashville for its breach of the Subscription Agreement, in the amount of the Option Price ($500,000), (iii) Urban Commons for its breach of good faith and fair dealing in connection with the Subscription Agreement, and (iv) Woods for his breach of good faith and fair dealing in connection with the Agreements, concurrently with the judgment entered on Counts III and VI;

4. On Count VII, in favor of Plaintiff and against Woods for unjust enrichment in the amount of the Option Price ($500,000), which was not paid to Plaintiff, but was instead removed from the Secure Escrow Account by Defendants and moved to an unknown location, concurrently with the judgment entered on Counts III and VI;

5. Reasonable attorney's fees pursuant to the terms of the Subscription Agreement (¶ 12) in the amount of $27,067.50; and

6. Costs and Disbursements in connection with this lawsuit in the amount of $534.00. See, *CPLR § 8201 and 8301*; and it is further

**ORDERED** that Plaintiff hereby is and shall be awarded pre-judgment interest on its principal damages ($500,000.00) beginning on the date of Plaintiff's Option Exercise Notice, February 10, 2021, through the date that judgment is entered, October 4, 2022, at a rate of nine (9%) percent, in the amount of $_____; and it is further

**ORDERED** that Plaintiff hereby is and shall be awarded post-judgment interest on the Judgment Total at a rate of nine (9%) percent beginning on the date immediately following the entry of this judgment. See, *CPLR § 5004*;

The Clerk of Court is directed to close the motion at Docket Number 45 and to close the case.

Dated:  October 21, 2022

_____
J. PAUL OETKEN
United States District Judge